CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

DEC 29 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MAURICE FOLEY, | ) | Civil Action No. 7:09-cv-00212 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TERRY O'BRIEN, | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |

Maurice Foley, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges a detainer lodged against him by the Pennsylvania Board of Probation and Parole. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants the respondent's motion.

An action pursuant to 28 U.S.C. § 2241 is typically brought in the district where the prisoner is confined; however, where a prisoner attacks an interstate detainer through federal habeas corpus, the district where the detainer originated is the most appropriate forum for challenging the detainer. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-99 (1973). In Braden, the Supreme Court reasoned that: the state where the detainer originates is where all of the material events took place; it is that state where the records and witnesses are likely to be found; it is simpler and less expensive to litigate the question in that state rather than in the state the inmate is housed; and the custodial district is presumably indifferent to the resolution of the prisoner's attack on the detainer because the dispute is not with the custodian, but with the state issuing the detainer. Id. at 494-96. See Word v. State of North Carolina, 406 F.2d 352, 355-56 (4th Cir. 1969) (action brought pursuant to § 2254(b) to challenge a detainer should be brought in the district court where the detainer originates, not

where the prisoner is physically present); Weatherford v. Gluch, 708 F. Supp. 818, 820-21 (E.D. Mich. 1988) (§ 2254 action filed by federal inmate confined in Michigan challenging the lawfulness of an Indiana detainer was transferred to Indiana); Reed v. Henderson, 463 F.2d 485, 486-87 (5th Cir. 1972) (upholding lower court's determination that the most appropriate forum for a federal inmate confined in Georgia to challenge a detainer filed by Connecticut was in Connecticut). Although petitioner is currently incarcerated within this district, the detainer at issue originates from the Pennsylvania Board of Probation and Parole, in Harrisburg, Pennsylvania, within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Therefore, the court finds that the proper venue for this action is the Middle District of Pennsylvania.

The court may transfer a case to another court in its discretion and in furtherance of justice. 28 U.S.C. § 1404(a). However, the court finds that the case should not be transferred because petitioner does not name a proper respondent. In response to the respondent's motion to dismiss, petitioner acknowledges that venue may be improper and offers an amendment to substitute the Warden of the United States Penitentiary ("USP") in Canaan, Pennsylvania, as the respondent. However, petitioner's claim is against the Pennsylvania Board of Probation and Parole, and petitioner is not within the custody of the Warden of USP Canaan. Accordingly, the court denies petitioner's motion to join the Warden of USP Canaan and dismisses the petition without prejudice for improper venue.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 24th day of December, 2009.

_____
Senior United States District Judge